UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERVIN DARNELL WORTHY | ) | JUDGE PAUL R. MATIA |
| | ) | |
| Petitioner | ) | CASE NO. 1:98CV2631 |
| | ) | |
| -vs- | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| UNITED STATES OF AMERICA | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent | ) | |

      Ervin Darnell Worthy ("Worthy") is again before this Court, this time having filed a motion to challenge the integrity of the § 2255 proceeding pursuant to Rule 60(b)(4) - (6) and the All Writs Act, 28 U.S.C. § 1651. (Doc. 1).  Worthy was indicted in Case Number 5:95CR137 on two counts of possession of a firearm (18 U.S.C. § 922(g)(1)) and in Case Number 5:95CR148 on one count of conspiracy to distribute cocaine (21 U.S.C. § 846(a)(6)). The cases were joined for trial.  A jury found him guilty on all counts and on February 7, 1996, the Court sentenced him to life imprisonment plus a $150 special assessment.  His sentence was affirmed on direct appeal. *United States v. Worthy*, 1997 WL 561338 (6th Cir. Sep. 9, 1997).  On April 9, 1997, the Court denied his motion for relief from judgment

that alleged that the Court did not have jurisdiction over his criminal case and that judgment was affirmed by the Sixth Circuit Court of Appeals. *United States v. Worthy*, 1998 WL 136208 (6th Cir. Mar. 18, 1998). Later that same year, Worthy filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 which was denied and the Sixth Circuit Court of Appeals, on December 29, 1999, denied his application for a certificate of appealability. *Worthy v. United States*, Case No. 00-3117. On December 7, 2001, the Sixth Circuit denied his motion for an order authorizing the district court to consider a second or successive § 2255 motion. Subsequently, Worthy filed a motion seeking modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). That was also denied by the Court and the Court's judgment was again affirmed by the Sixth Circuit. *United States v. Worthy,* 2002 WL 1001014 (6th Cir. May 15, 2002).

In order to circumvent the Courts' prior rulings, Worthy asserts that the instant matter involves subsequent developments in clarifying statutory and case law which reveal that the original judgments affirmed by the court of appeals were wrong. Extraordinary circumstances allegedly exist warranting the revisiting of his case under Rule 60(b), 28 U.S.C. § 2241 or the All Writs Act, 28 U.S.C. §

1651. Essentially Worthy claims that the jury instructions were unconstitutional, his counsel never informed him about a proposed instruction to challenge the conspiracy count and the ruling in *United States v. Rebmann*, 226 F.3d 521 (6th Cir. 2000), based on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which held that any fact that increases the maximum penalty for a crime must be charged in the indictment and submitted to a jury, require vacation of his conviction.

   The general rule in the Sixth Circuit was that Rule 60(b) does not apply to criminal cases. Motions under Rule 60(b) were considered as second or successive habeas corpus petitions. *McQueen v. Scroggy,* 99 F.3d 1302, 1335 (6th Cir. 1996), *cert. denied,* 520 U.S. 1257 (1997). Recently, *McQueen* was overruled. In *In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004), the Sixth Circuit distinguished Rule 60(b) motions and second or successive habeas corpus petitions under the AEDPA. A direct challenge to the constitutionality of the underlying conviction constitutes a second or successive habeas petition. If there is no direct challenge and the petitioner instead challenges the integrity of the district court opinion for one of the reasons listed in Rule 60(b), the motion should be treated

as motion to vacate judgment. *Id*. at 175. The Court stated:

> The inquiry must proceed case by case. The [district] court must examine the factual predicate set forth in support of a particular motion. When the motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence, then the motion should be treated as a second or successive habeas petition. This situation should be distinguished from one in which the motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief. That is the classic function of a Rule 60(b) motion, and such a motion should be treated within the usual confines of Rule 60(b).

*Id.* at 181. The manner in which a motion is to be treated depends on its substance, not on how it is labeled. *Id.* It appears that Worthy is challenging the constitutionality of his conviction and sentence which precludes utilization of Rule 60(b).

The validity of a conviction or sentence may be challenged under § 2241 if § 2255 is inadequate or ineffective to test the legality of detention. 28 U.S.C. § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

When § 2255 is inadequate or ineffective, a petitioner may resort to § 2241. The section is not inadequate just because petitioner has been denied leave to file a second or successive § 2255 motion. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001), *cert. denied*, 534 U.S. 1008 (2001). And, unavailability of § 2255 alone does not grant the court jurisdiction under § 2241. *Id.* In order for § 2241 to apply, a petitioner must show an intervening change in the law that establishes his actual innocence. *Id*. Worthy does not argue that he is innocent of the crimes for which he was convicted. He is challenging the legality of his sentence. Thus, § 2241 is unavailable to him.

Relief is also not warranted under the All Writs Act, 28 U.S.C. § 1651. The All Writs Act allows for the issuance of writs that are not covered by statute. "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996)(quoting *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985). See *United States v. Barrett*, 178 F.3d 34, 54-57 (1st Cir. 1999). Since 28 U.S.C. § 2255 specifically addresses the type of

post-conviction relief Worthy seeks, he cannot use the All Writs Act to challenge his conviction.

Worthy argues that he is entitled to relief because of the Sixth Circuit's ruling in *United States v. Rebmann* that was based on *Apprendi v. New Jersey*, which held that any fact that increases the maximum penalty for a crime must be charged in the indictment and submitted to a jury. He contends that *Rebmann* is retroactive to his case. The Supreme Court has the authority to make a new rule retroactive to cases on collateral review, such as petitions under 28 U.S.C. § 2255. *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004), citing, *Tyler v. Cain,* 533 U.S. 656, 662-63 (2001). The new rule cannot be made retroactive through dictum. Tyler, 533 U.S. at 633 n.4. The Sixth Circuit has held that *Apprendi* is not retroactive to cases on collateral review because the United States Supreme Court did not expressly declare it to be. *In re Clemmons,* 259 F.3d 489, 493 (6th Cir. 2001). See *Goode v. United States,* 305 F.3d 378, 385 (6th Cir. 2002), *cert. denied,* 537 U.S. 1096 (2002).

In the April 29, 2004 ruling denying Worthy's petition for writ of error, the Sixth Circuit noted that it previously disallowed permission to file a habeas corpus action under 28 U.S.C. § 2241 and the All Writs Act because

they cannot be used to circumvent the procedures for review of convictions under § 2255. The court stated:

> The petitioner has now submitted another petition for a writ of error seeking the same relief denied in Case No. 02-4227, i.e., the recall of the mandate in Case No. 00-3117. Using the same arguments advanced in Case No. 02-4227, he asserts that intervening case law supports his argument that his conviction is void... The present action is an effort by the petitioner to litigate once again the issues raised in Case No. 02-4227. He makes the same *Apprendi* arguments, cites many of the same cases and seeks the same relief... This court is not required to once again expend its judicial resources in this matter. The clerk is instructed to reject for filing any future original actions submitted by the petitioner seeking the recall of this court's mandate in prior cases.

Since Worthy is challenging the constitutionality of his sentence, he must proceed under § 2255. He has attempted to do so twice before. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court is without jurisdiction over a second or successive petition for habeas corpus in the absence of an order from the court of appeals authorizing its filing. *Rumler v. Hemingway,* 171 F. Supp.2d 705, 711-12 (E.D. Mich. 2001). A petitioner filing a second or successive § 2255 petition in a district court must usually first move in the appropriate court of appeals for such authorization. 28 U.S.C. § 2244(b)(3)(A). *United States v. Thompson*, 2002 WL 31845136 at *2 (6th Cir. Dec. 16, 2002); *Buell v. Anderson,* 2002 WL 31119679 at *3

(6th Cir. Sept. 24, 2002), *cert. denied,* 536 U.S. 989 (2002). In fact, the Sixth Circuit requires that a second or successive § 2255 petition filed in the district court be transferred to the court of appeals pursuant to 28 U.S.C. § 1631. *In re Hanserd,* 123 F.3d 922, 934 (6th Cir. 1997); *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). However, in light of the Sixth Circuit's determination that Worthy is prohibited from filing any future original actions seeking the recall of its mandate in prior cases, the Court will not transfer this action.

      Accordingly, Worthy's motion to challenge the integrity of the § 2255 proceeding pursuant to Rule 60(b)(4) - (6) and the All Writs Act, 28 U.S.C. § 1651 is denied.

      IT IS SO ORDERED.


Date: April 19, 2005.      /s/ Paul R. Matia
                              UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

      A copy of this Memorandum of Opinion and Order was filed electronically this 19th day of April, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access

this filing through the Court's system.  A copy of this Memorandum of Opinion and Order was also sent by United States mail on April 19, 2005 to Ervin Darnell Worthy, #52349-060, U.S.P. Big Sandy, P.O. Box 2068, Inez, KY 41224.

                                        /s/ Paul R. Matia
                                        UNITED STATES DISTRICT JUDGE